**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4553**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTONIO LANGSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:15-cr-00271-RJC-1)

Submitted:  April 7, 2017                                      Decided:  April 13, 2017

Before AGEE, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Antonio Langston appeals his conviction and 120-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012). On appeal, Langston's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in denying his request for a variance on the ground that his career offender enhancement under the Sentencing Guidelines overstated his criminal history and resulted in an unwarranted sentencing disparity. Langston has filed a pro se supplemental brief, raising claims of ineffective assistance of counsel and prosecutorial misconduct. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first must ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Martinovich*, 810 F.3d 232, 242 (4th Cir. 2016). In considering challenges to a Guidelines enhancement, we "review factual findings for clear error and legal conclusions *de novo*." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014).

If we find no significant procedural error, we also must consider the substantive reasonableness of the sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th

2

Cir. 2011). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). We presume that a sentence below a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Langston bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

On appeal, Langston's counsel first asserts that the court should not have relied upon Langston's 2012 North Carolina convictions to support his career offender enhancement because those offenses were not punishable by more than one year of imprisonment, despite the fact that he was actually sentenced to 8 to 19 months' imprisonment for those offenses. Even assuming, without deciding, that Langston's assertion is correct, the district court properly determined that this objection had no impact on the propriety of Langston's career offender enhancement, as he had two remaining predicate convictions to support the enhancement. *See* U.S. Sentencing Guidelines Manual §§ 4A1.2(e)(1), 4B1.1, 4B1.2(b), (c) (2015). Further, the district court acted well within its discretion in considering Langston's 2012 convictions when evaluating his request for a downward variance, particularly in light of their similarity both to his more remote career offender predicates and to the conduct underlying his federal conviction.

Counsel also challenges the substantive reasonableness of Langston's sentence, reiterating arguments raised before the sentencing court in support of a downward variance. Specifically, counsel argues that Langston's Guidelines range, as established

by his career offender enhancement, overrepresents his criminal history and creates an unwarranted sentencing disparity. Counsel observes that Langston's predicates were committed in 1993 and 1994, at a young age, and close in time to one another. Langston committed each of these offenses before being sentenced for any of them, counsel notes, and his sentences ran concurrent to one another. Counsel also argues that, because Langston committed these offenses in South Carolina, the sentences he received were longer than they would have been if he had committed the same offenses in North Carolina; as a result, they were classifiable as career offender predicates because the lengthy sentences extended into the 15-year period preceding his underlying offense conduct. *See* USSG §§ 4A1.2(e)(1), 4B1.2 cmt. n.3. Due to this discrepancy in state sentencing, counsel argues, Langston's career offender enhancement created an unjustified disparity compared to similarly situated offenders.

While we acknowledge that Langston's arguments may have provided nonfrivolous bases upon which the district court could have relied to vary downward, we do not find these arguments so compelling as to rebut the presumption of substantive reasonableness accorded Langston's below-Guidelines sentence. *See Louthian*, 756 F.3d at 306. As the district court observed, Langston's North Carolina convictions revealed a continued pattern of drug trafficking conduct connecting his remote South Carolina predicates and his federal offense. Langston's involvement in drug activity during this more proximate period significantly undermined his argument that the career offender enhancement overestimated his criminal history and likelihood of future involvement in drug offenses. It also undercut Langston's implicit assertion that his predicate offenses,

4

committed at a young age and before he had been sentenced to any prison term for his crimes, were not representative of his more recent development and conduct. As the district court observed, the 25-year sentences Langston received in South Carolina state court should have deterred him from further drug activity, yet he continued to offend in 2011 and during the conduct underlying his federal offense. Langston also was sentenced significantly below the Guidelines range established by his career offender enhancement, due in part to the Government's sentencing arguments and agreement to withdraw his 21 U.S.C. § 851 (2012) information. In view of these factors, we discern no abuse of discretion in the court's decision not to vary further below the Guidelines range.

Turning to the arguments in Langston's pro se supplemental brief, Langston alleges both ineffective assistance of trial counsel and prosecutorial misconduct. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). Because no such ineffective assistance conclusively appears on the record before us, we decline to consider Langston's ineffective assistance of counsel claims at this juncture. Instead, Langston's claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Because Langston did not raise his prosecutorial misconduct claims in the district court, we review these issues for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To prevail on his claims of prosecutorial misconduct, Langston must demonstrate both misconduct by the prosecutor and resulting prejudice. *United States v.*

5

*Caro*, 597 F.3d 608, 624–25 (4th Cir. 2010). As our review of the available record reveals neither, Langston's claims are unavailing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore deny Langston's pro se motion for abeyance and affirm Langston's criminal judgment. This court requires that counsel inform Langston, in writing, of the right to petition the Supreme Court of the United States for further review. If Langston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Langston.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*